**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUSI ADELEKAN | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-cv-10398 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM M. DEC, ARTURO GOMEZ, | ) | |
| ROCKIT RANCH PRODUCTIONS, | ) | |
| DANA DEDINA, BEN NEWBY, | ) | |
| NICK & HOWARD, LLC, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, SAMUSI ADELEKAN, by and through his attorneys, Mary J. Grieb and the Shiller Preyar Law Offices, complains as follows against Defendants William M. Dec ("Dec"), Arturo Gomez ("Gomez"), Ben Newby ("Newby"), Dana Dedina ("Dedina"), Rockit Ranch Productions ("Rockit Ranch"), and Nick & Howard, LLC:

## INTRODUCTION

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. §1981 to redress the deprivation under the color of statute, ordinance, regulations, custom or usage of rights secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States, namely the right to be free from racial discrimination in his public place of employment as against Defendants DEC, GOMEZ, DEDINA, and NEWBY. Plaintiff also brings this action against DEFENDANTS DEC, GOMEZ, DEDINA, NEWBY, ROCKIT RANCH, and NICK & HOWARD for employment discrimination pursuant to Title VII 42 U.S.C.§§2000(e) et seq. and retaliation. In addition, Plaintiff sues DEFENDANTS for intentional infliction of emotional distress and negligent supervision.

1

## JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981. This court has jurisdiction over the Title VII claim pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (a)(3), and 42 U.S.C. §2000e-5(f)(3); and over the pendent state law claims for negligent supervision and intentional infliction of emotional distress under 28 U.S.C. §1367.

3. On April 18, 2012 Plaintiff timely filed a Charge of Discrimination with the EEOC.

4. On September 26, 2012, the EEOC issued a Notice of Right to Sue on Plaintiff's charge, which was received by Plaintiff on or about October 1, 2012. (Attached as Exhibit A).

## VENUE

5. Venue is proper under 28 U.S.C §1391(b)(1) and (2).

## PARTIES

6. Plaintiff SAMUSI ADELEKAN is an African-American citizen of the United States who resides in Illinois.

7. Defendant DEC is a citizen of the United States and resident of Illinois, who, at all relevant times, was the owner and president of ROCKIT RANCH PRODUCTIONS.

8. Defendant GOMEZ is a citizen of the United States and resident of Illinois, who, at all relevant times, was the owner and president of ROCKIT RANCH PRODUCTIONS.

9. Defendant DEDINA is a citizen of the United States and resident of Illinois, who, at all relevant times, was the Human Resources Director of THE UNDERGROUND CHICAGO.

10. Defendant NEWBY is a citizen of the United States and resident of Illinois, who, at all relevant times, was operating partner and general manager of THE UNDERGROUND CHICAGO.

11. Defendant ROCKIT RANCH PRODUCTIONS is a corporate entity registered in the State of Illinois and is the business name of THE UNDERGROUND CHICAGO. ROCKIT RANCH PRODUCTIONS is the parent company of THE UNDERGROUND CHICAGO, Rockit Bar & Grill, Rockit Burger Bar, Sunda, and Dragon Ranch Moonshine & BBQ, all dining and/or entertainment establishments in Chicago, Illinois.

12. Defendant NICK & HOWARD LLC is a corporate entity registered in the State of Illinois and is the business name of the entity THE UNDERGROUND CHICAGO.

## COMMON ALLEGATIONS

13. Plaintiff is an African-American male who began his employment at THE UNDERGROUND CHICAGO in 2006.

14. Subsequently, Plaintiff was employed as Head of Security at THE UNDERGROUND CHICAGO.

15. THE UNDERGROUND CHICAGO is a night club located at 56 W. Illinois Street in Chicago, Illinois.

16. As Head of Security, Plaintiff was responsible for the general duties of ensuring safety in the club, escorting patrons through the club, and managing a staff of security personnel for the club.

17. Plaintiff received a salary of approximately $42,000 per year, received health care benefits, and worked on average four nights a week as Head of Security at THE UNDERGROUND.

18. In February, 2012, Plaintiff made written complaints to Dana Dedina, Director of Human Resources at ROCKIT RANCH about the hostile work environment at THE UNDERGROUND.

19. In sum, Plaintiff complained to Dedina and Newby that he heard or saw Defendants' employees use the terms "big and dark," "ghetto," "fat," and "ugly" to refer to African-American and Latino patrons in the club or patrons attempting to gain entrance into the club; that THE UNDERGROUND discriminated against certain African-American and Latino patrons because they did not fit the "UG look" (meaning Caucasian patrons); and that THE UNDERGROUND refused entry or provided inferior service to certain African-American and Latino patrons.

20. On February 17, 2012, Plaintiff met with Dedina in person to discuss his complaints about the hostile work environment and racist remarks made by employees of UNDERGROUND, as detailed above.

21. Additionally, Plaintiff met with Dedina and Ben Newby on February 22, 2012, to again complain in person about the above-described racist remarks Plaintiff had heard and racist practices Plaintiff had witnessed.

22. On March 7, 2012, Dedina memorialized her conversations with Plaintiff in a written memorandum.

23. On April 6, 2012 Dedina and Newby told Plaintiff that he had to take a $10,000 pay cut and would pay him $20/hour.

24. When Plaintiff did not immediately agree to said pay cut, Dedina and Newby told Plaintiff that he was terminated effective April 20, 2012.

25. Then, on or about April 15, 2012, Arturo Gomez, also an owner of UNDERGROUND told Plaintiff he could now offer him $25/hour for 16 hours a week (two nights), with no benefits, for a security position at UNDERGROUND.

26. Gomez did not offer Plaintiff a full-time or salaried position.

27. Gomez informed Plaintiff that UNDERGROUND was bringing in $30,000 less per week than it used to and he needed to be "business-minded."

28. As of April 20, 2012, Defendants terminated Plaintiff from all employment at THE UNDERGROUND CHICAGO.

29. Gomez's purported reason for terminating Plaintiff from his salaried position, and offering him a position which only paid Plaintiff half as much per year and did not include benefits, was pretext for terminating Plaintiff because Plaintiff complained about racial discrimination and a hostile work environment at UNDERGROUND.

30. As a direct and proximate cause of Defendants' unlawful actions, Plaintiff has suffered damages, including but not limited to, lost compensation, pain and suffering, emotional damages, damaged reputation, and other consequential damages.

## COUNT I
## 42 U.S.C § 1981 -- RACE DISCRIMINATION

31. Plaintiff re-alleges and incorporates all previous paragraphs.

32. DEFENDANTS subjected Plaintiff to a hostile work environment based on his race, African-American, through severe and/or pervasive actions, thereby negatively altering the conditions of his employment and creating an abusive working environment.

33. Despite Plaintiff's specific complaints, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

34. Defendants subjected Plaintiff to adverse actions based on his race, including but not limited to terminating his salaried position, subjecting him to a hostile environment where racist and offensive comments made by co-employees were tolerated, and terminating Plaintiff after he complained about the hostile environment.

35. The aforementioned acts and omissions of Defendants constituted intentional discrimination against Plaintiff on the basis of his race, African-American, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

36. As a direct and proximate result of Defendants' actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SAMUSI ADELEKAN, prays for judgment against Defendants and respectively requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;
B. Order Defendant to make whole SAMUSI ADELEKAN by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;
C. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;
D. Order Defendant to pay lost, foregone, and future wages to SAMUSI ADELEKAN;
E. Order Defendant to pay punitive damages;
F. Grant Plaintiff his attorney's fees, costs, disbursements; and
G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II
## RACE DISCRIMINATION -- TITLE VII

37. Plaintiff re-alleges and incorporates all previous paragraphs.

38. The aforementioned acts or omissions of Defendants constitutes unlawful discrimination against Plaintiff because of his race, African-American, in violation of the provisions of Title VII of the civil Rights Act of 1964, as amended, 42 U.S.C.§§2000e et seq.

39. As a direct and proximate result of the above-alleged willful and reckless acts or omissions of Defendants, Plaintiff suffered damages, including but not limited to lost and foregone wages and benefits and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SAMUSI ADELEKAN, prays for judgment against Defendants and respectively requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert with or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole SAMUSI ADELEKAN by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to SAMUSI ADELEKAN;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT III
## HOSTILE WORK ENVIRONMENT -- TITLE VII

40. Plaintiff re-alleges and incorporates all previous paragraphs.

41. As set forth in the above paragraphs, Plaintiff was subjected to a hostile work environment due to the use of racial slurs and racist remarks by co-employees, which Plaintiff's supervisors knew about.

42. Plaintiff did not welcome said racial harassment, which only occurred because Plaintiff is African-American.

43. The racist and offensive remarks were severe and pervasive such that Plaintiff, and any reasonable person in his position, found his work environment to be hostile.

44. Defendants knew about the racist remarks and hostile work environment because Plaintiff twice complained about such conduct, on February 17 and February 22, 2012.

45. Defendants failed to take reasonable steps to prevent the racist remarks and abusive conduct from recurring.

46. The aforementioned acts or omissions of Defendants constitutes unlawful discrimination against Plaintiff because of his race, African-American, in violation of the provisions of Title VII of the civil Rights Act of 1964, as amended, 42 U.S.C.§§2000e et seq.

47. As a direct and proximate result of the above-alleged willful and reckless acts or omissions of Defendants, Plaintiff suffered damages, including but not limited to lost and foregone wages and benefits and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SAMUSI ADELEKAN, prays for judgment against Defendants and respectively requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert with or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole SAMUSI ADELEKAN by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to SAMUSI ADELEKAN;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV
## RETALIATION -- TITLE VII

8

48. Plaintiff re-alleges and incorporates all previous paragraphs.

49. Throughout Plaintiff's tenure with Defendants, Plaintiff exercised his statutorily protected rights by engaging in a protected activity by making oral and written reports complaining of illegal race discrimination to the Defendants and their agents and employees.

50. As a result of Plaintiff's reporting to the Defendants and their agents and employees, Plaintiff was terminated.

51. The aforementioned acts and omissions of Defendants constitute unlawful retaliation for Plaintiff's opposition to racial discrimination, harassment, and depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.41.

52. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendants, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SAMUSI ADELEKAN, prays for judgment against Defendants and respectively requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole SAMUSI ADELEKAN by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to SAMUSI ADELEKAN;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**COUNT V**
**RETALIATION – SECTION 1981**

53.  Plaintiff re-alleges and incorporates all previous paragraphs.

54.  Plaintiff exercised his statutorily protected rights by engaging in a protected activity by making oral and written complaints of illegal race discrimination to the Defendants and their agents and employees on at least two occasions (February 17 and 22, 2012).

55.  As a result of Plaintiff's reporting to the Defendants and their agents and employees, Plaintiff suffered an adverse employment action, in that he was terminated in approximately April of 2012.

56.  The aforementioned acts and omissions of Defendants  constitute unlawful retaliation for Plaintiff's opposition to racial discrimination, harassment, and depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of the provisions of Title VII of the Civil Rights Act of 1964,as amended, 42 U.S.C. §§ 2000e et seq.41.

57.  As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendants, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SAMUSI ADELEKAN, prays for judgment against Defendants and respectively requests that this Court:

A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole SAMUSI ADELEKAN by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to SAMUSI ADELEKAN;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT VI
## NEGLIGENT SUPERVISION

58. Plaintiff re-alleges and incorporates all previous paragraphs.

59. At all relevant times, Defendants had a duty to supervise its employees and agents.

60. At all relevant times, Defendants failed to use reasonable care in supervising its employees and agents, including, but not limited to, allowing said employees to make racist and offensive comments about patrons, allowing such conduct to continue after Plaintiff complained orally and in writing, and terminating Plaintiff from his salaried position after he made complaints.

61. Defendants' breach of its supervisory duty to Plaintiff was a proximate cause of the injuries and loss suffered by Plaintiff.

62. Defendants conduct was willful and wanton

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SAMUSI ADELEKAN, respectfully requests this Honorable Court grant the following relief:

A. Order Defendant to pay Plaintiff compensatory damages for all humiliation, pain, suffering, emotional distress and loss of reputation;

B. Order Defendant to pay pre-judgment and post-judgment interest in an amount and at a rate to be determined by the Court at the time of trial; and

C. Order any such further relief as this Court considers just and equitable in this case.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff re-alleges and incorporates all previous paragraphs.

64. Defendants engaged in extreme and outrageous conduct in subjecting Plaintiff to a hostile work environment and terminating him after he complained about such an environment.

65. Defendants intended to cause Plaintiff severe emotional distress or knew that there was a high probability that Plaintiff would suffer such distress when they subjected Plaintiff to said abuse.

66. Defendants exercised a substantial degree of control over Plaintiff's terms and conditions of employment and abused their authority over Plaintiff when they subjected Plaintiff to said abuse.

67. Plaintiff has suffered and continues to suffer extreme emotional distress as a direct and proximate result of Defendants' extreme and outrageous conduct.

68. Plaintiff continues to suffer the severe emotional and psychological trauma inflicted upon him by Defendants and continues to struggle with the effects of Defendants' extreme and outrageous conduct.

69. The aforementioned acts and omissions of Defendant constitute intentional infliction of emotional distress, in violation of the laws of the State of Illinois.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, SAMUSI ADELEKAN, prays for judgment against Defendants and respectively requests that this Court:

A. Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff under appropriate law;

B. Order Defendant to make whole SAMUSI ADELEKAN by providing affirmative relief necessary to eradicate the effects of Defendants' unlawful practices;

C.  Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendants;

D.  Order Defendants to pay lost, foregone, and future wages to SAMUSI ADELEKAN;

E.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

 Respectfully Submitted,

SAMUSI ADELEKAN

By: One of HIS Attorneys:

s/ Mary J. Grieb
Mary J. Grieb
Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590