**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMUSI ADELEKAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12 C 10398 |
| ) | |
| WILLIAM M. DEC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Following the issuance of this Court's April 10, 2013 memorandum opinion and order that has streamlined the scope of this action, the remaining defendants have timely filed their Answer and Affirmative Defenses ("ADs") to the Amended Complaint ("AC") filed against them by Samusi Adelekan. This memorandum order is issued sua sponte to deal with the laundry list of no fewer than 13 ADs included in that responsive pleading.

Defense counsel have plainly lost sight of the proper role of an AD as established by Fed. R. Civ. P. 8(c) and the caselaw applying that rule -- see also App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Because the responsive pleader must accept a complaint's allegations as true for AD purposes, it is inappropriate to advance a purported AD whose subject has already been dealt with by a denial of a corresponding allegation in the complaint. Accordingly:

1. AD 2 is stricken -- see AC ¶¶ 29, 35 and 61.

2. AD 3 is also stricken -- see AC ¶¶ 43, 49 and 57.

3. AD 4 is stricken as well -- see AC ¶¶ 17 and 18.

    4.       AD 5 goes by the boards as well -- see AC ¶¶ 32 and 33.

    5.       AD 6 is stricken too -- see AC ¶ 60.

Two other ADs are problematic. AD 12 is obviously speculative, for defendants have provided nothing to show they have any knowledge of plaintiff Samusi Adelekan's claimed failure to mitigate his damages. And AD 13 is entirely hypothetical. Both of those ADs are stricken as well.

                                                      /s/ William D. Shadur
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: April 29, 2013